NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRYAN EUGENE DAVIS, *Appellant.*

No. 1 CA-CR 24-0375

FILED 03-27-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-006921-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1 Bryan Eugene Davis appeals his convictions and sentences for manslaughter and aggravated assault. Davis's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating he searched the record on appeal and found no arguable, non-frivolous question of law. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Davis had an opportunity to file a pro per supplemental brief but did not do so.

¶2 We must review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Davis, *see State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). After conducting our review of the record, we affirm Davis's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶3 Davis lived in an apartment next door to L.B. and J.B. (collectively, "the victims"). On the morning of June 25, 2022, L.B. began playing music, prompting Davis to bang repeatedly on their adjoining wall. The victims went to Davis's door to confront him. Though the victims were unarmed, Davis stepped out of his apartment and stabbed each victim at least twice in the abdomen area with a knife or "something handmade like a shank." A member of the victims' family called 911. Phoenix police officers responded, assisted the victims, and arrested Davis. The victims were transported to a nearby hospital where they underwent surgery, but J.B. eventually died from his stab wounds.

¶4 A grand jury indicted Davis, charging him with Count I, second degree murder, a class 1 dangerous felony, and Count II, aggravated assault using a deadly weapon or dangerous instrument, a class 3 dangerous felony. A.R.S. §§ 13-1104(A), (C), -1203(A), -1204(A)(2), (F). The State later alleged numerous aggravating circumstances, including a non-

historical and several historical prior felony convictions, and that Davis had committed the offenses while on probation in two other felony cases. Before trial, the State offered Davis a plea agreement of 13 to 17 years, which he rejected.

¶5            The case went to trial three times—in October 2023, March 2024, and April 2024. In the first trial, the court declared a mistrial after the jury reached an impasse. In the second trial, the court granted defense counsel's mistrial request because a witness mentioned Davis's prior incarceration.

¶6            At the first and third trials, after the State rested its case-in-chief, Davis moved for judgment of acquittal, which the court denied. *See* Ariz. R. Crim. P. 20(a). In each trial, the defense subsequently rested without calling any witnesses. Although Davis chose not to testify, he defended in part on several bases, including that L.B. and others lied when they identified him as the perpetrator and that he acted in self-defense. Testimony established that the victims had been partying and drinking heavily the previous evening, L.B. had continued to drink heavily that morning, and L.B. had a reputation for being aggressive, violent, and a liar when drunk.

¶7            At the third trial, the jury found Davis guilty of the lesser-included offense of manslaughter on Count I and guilty as charged of aggravated assault on Count II. The jury also found the State had proven four aggravating factors as to Count I and three aggravating factors as to Count II.

¶8            At sentencing, the court found Davis had five prior felony convictions and was in violation of his probation in Maricopa County Case Nos. CR2021-115317-001 and CR2021-118636-001. The court revoked his probation in each case and sentenced him to presumptive sentences of one year in Case No. CR2021-115317-001 with 365 days of presentence incarceration credit, and 2.5 years in Case No. CR2021-118636-001 with 795 days of presentence incarceration credit.

¶9            For his current offenses, the court found the aggravating factors outweighed the mitigating factors and sentenced Davis as a category three repetitive offender to a maximum sentence of 28 years on Count I, with credit for 631 days of presentence incarceration, to be served concurrently with the probation violation sentences. In crediting Davis for 631 days of presentence incarceration, the court erroneously credited him for the date of sentencing. *See State v. Hamilton*, 153 Ariz. 244, 246 (App.

1987). Despite this error, "we will not correct sentencing errors that benefit a defendant, in the context of his own appeal, absent a proper appeal or cross-appeal by the [S]tate." *State v. Kinslow*, 165 Ariz. 503, 507 (1990). As to Count II, the court sentenced Davis to a maximum sentence of 15 years with no credit for time served. The court ordered the sentence to run consecutively to Count I because the offenses involved separate acts on separate victims with separate harms.

## DISCUSSION

**¶10**      The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Davis was present and represented by counsel at all stages of the proceedings. Sufficient evidence was presented at trial for the jury to determine, beyond a reasonable doubt, that Davis was guilty of the charged offenses. The court afforded Davis the opportunity to speak at sentencing, stated on the record the factors it considered in imposing his sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶11**      After reviewing the entire record for reversible error, we find none. We therefore affirm Davis's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

**¶12**      Upon the filing of this decision, defense counsel shall inform Davis of the status of the appeal and of his future options. Counsel has no further obligations unless counsel finds an issue appropriate to submit to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Davis shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:       JR